UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARGARET M. HATZIDAKIS,

                         Plaintiff(s),         REPORT AND RECOMMENDATION

      -against-                                CV 09-4344 (JS) (ETB)

NEW YORK CITY POLICE DEPARTMENT,

                         Defendant(s).
-----------------------------------------------------------------X

TO THE HONORABLE JOANNA SEYBERT, United States District Judge:

      This action was commenced by the filing of a pro se complaint on October 9, 2009 - approximately eleven (11) months ago.

      The pro se plaintiff, Margaret M. Hatzidakis, seeks damages, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) et seq.), alleging gender discrimination against the defendant, New York City Police Department.

      The sole factual allegation of the complaint states:

> 1. Contractual - Hired on requirements that change after I was hired when I was FMLA. Was not given enough time to heal from pregnancy. Other recruits in the Academy on injury or hold over didn't have to do new standards. Just myself from pregnancy leave.

      The pro se plaintiff was advised in correspondence dated October 14, 2009 that "[p]ursuant to Rule 4 of the Federal Rules of Civil Procedure" she was responsible for service of the summons and complaint upon the defendant New York City Police Department within 120 days. See Rule 4(m), Fed. R. Civ. P.

      By order dated October 20, 2009 I set the initial conference at February 5, 2010 to afford the plaintiff an adequate opportunity to complete service on defendant and to afford that party an adequate

-1-

opportunity to answer the complaint.

On January 26, 2010 the pro se plaintiff requested an adjournment of the initial conference. The reason was "uncontrollable events have taken place in the previous months with an illness concerning my mother Ellen Anderson who resides in Longs, South Carolina."

Based on this request and the absence of any proof that the plaintiff had completed service of the summons and complaint, by order dated January 28, 2010 the initial conference was canceled and the plaintiff was instructed to notify the court upon completion of service.

Not hearing from the plaintiff for over two (2) months, by order dated April 9, 2010 I rescheduled the initial conference for September 14, 2010. On September 6, 2010 the pro se plaintiff requested a further six (6) month adjournment of the action - this time because her mother-in-law had open heart surgery at NYU Medical Center on August 31, 2010 and her "rehab" and recovery is expected to last six (6) months "and my husband and I have to help her and tend to her through this process." (Correspondence of plaintiff dated September 6, 2010).[1]

The requested extension was denied by order dated September 14, 2010, and the plaintiff was directed to show cause why this action should not be dismissed based on her failure to timely serve the defendant and failure to diligently prosecute this action.

On September 14, 2010 the pro se plaintiff failed to call into the court and chambers left a message for her to call in. She did so and, pursuant to questioning, advised the court that she had not done anything to serve the defendant "New York City Police Department."

The pro se plaintiff has failed to show adequate cause why this action should not be dismissed.

---

[1] There is no indication on this correspondence of a copy being sent to any other party or counsel.

RECOMMENDATION

This action has been pending eleven (11) months, and plaintiff has failed to effect service of the summons and complaint. Moreover, the plaintiff has done nothing to pursue this action, although afforded eleven (11) months to do so.

For the foregoing reasons, I recommend that this action be dismissed, without prejudice to renewal, pursuant to Rule 41(b), Fed. R. Civ. P., based on the failure to complete service on the defendant within 120 days and the plaintiff's failure to diligently prosecute this action. See Rules 4(m) and 41(b), Fed. R. Civ. P.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

Dated: Central Islip, New York
      September 15, 2010

                                      /s/ E. Thomas Boyle
                                      E. THOMAS BOYLE
                                      United States Magistrate Judge